**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4241**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEVANTE MARQUEZ WHITE, a/k/a Boo,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:20-cr-00119-DCN-1)

Submitted:  January 30, 2024                          Decided:  February 5, 2024

Before KING, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Columbia, South Carolina, Christopher B. Schoen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devante Marquez White pleaded guilty to possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1); possession of firearms and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2)[*]; and two counts of possession of firearms in furtherance of drug trafficking offenses, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The district court denied White's motion for a variance but sentenced him at the bottom of his advisory Sentencing Guidelines range to 177 months of imprisonment—57 months for the drug and felon-in-possession counts and the statutory mandatory minimum consecutive term of 60 months each for the two § 924(c) charges. On appeal, White contends that the district court committed procedural error and violated his due process rights by relying on the constitutionally impermissible factor of race when sentencing him. He asserts that the record does not establish that the court considered his motion for a downward variance or explained its rejection of his motion such that this court can say that his race was not a specific consideration. Finding no error, we affirm.

"This Court 'review[s] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (quoting *Gall v. United States*,

---

[*] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year maximum does not apply in this case, however, because White committed his offense before the June 25, 2022 amendment to the statute.

552 U.S. 38, 41 (2007)).  In evaluating the procedural reasonableness of a sentence, we must consider whether the district court adequately explained its chosen sentence.  *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017). While every sentence requires an adequate explanation, "where the district court imposes a within-Guidelines sentence, the explanation need not be elaborate or lengthy."  *United States v. Arbaugh*, 951 F.3d 167, 174-75 (4th Cir. 2020) (internal quotation marks omitted).

"Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments."  *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (internal quotation marks omitted). "The explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted).  A district court need not spell out its responses to a defendant's arguments where the context makes them clear.  *Blue*, 877 F.3d at 520-21.  "[I]t is also well established that our review of a district court's sentencing explanation is not limited to the court's statements at the moment it imposes sentence," but rather, "we look at the full context" of those statements when evaluation them.  *United States v. Nance*, 957 F.3d 204, 213 (4th Cir. 2020).  "Where a sentencing court hears a defendant's arguments and engages with them at a hearing, we may infer from that discussion that specific attention has been given to those arguments." *Id*.

3

Moreover, a district court may not consider impermissible factors such as the race or religion of a defendant in imposing a sentence. *See e.g.*, *Zant v. Stephens*, 462 U.S. 862, 885 (1983). A court may, however, consider the impact of a crime on the community. *See Deyton v. Keller*, 682 F.3d 340, 347 (4th Cir. 2012); *see also United States v. Bakker*, 925 F.2d 728, 740 (4th Cir. 1991). ("[A] sentencing court can consider the impact a defendant's crimes have had on a community.").

We have reviewed the record and find no reversible error. The record as a whole demonstrates that the district court did not base its sentence on the constitutionally impermissible factor of White's race, and adequately explained the sentence it imposed. In support of his assertion, White points to a singular exchange where the court mentioned the effect of gun violence and drugs on the African-American community, but he fails to consider the larger context of the sentencing hearing. The court's words cannot be viewed in isolation. *See United States v. Coe*, 992 F.3d 594, 598 (7th Cir. 2021) ("[It is] not enough for [a defendant] to point to an impermissible statement in the judge's sentencing remarks. Rather, he must also show that the judge relied on an impermissible factor to arrive at the sentence imposed."). The district court was addressing a courtroom full of White's family, several of whom had spoken that day on his behalf, and responding to defense counsel's arguments in which he downplayed the violence associated with possessing drugs and guns.

Moreover, the court properly calculated the Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors and White's nonfrivolous arguments for a lower sentence, and adequately explained

4

the chosen sentence. The court considered the particularized facts of White's case and determined that his long history of drugs and guns reflected a lack of respect for the law and a need to protect the public as well as deter future criminal conduct. The court also explicitly rejected White's arguments in support of a variant sentence based on his relatively brief criminal history and family support. Specifically, the court noted that White's offenses had occurred over a three-year span and, thus, his lack of additional criminal convictions did not reflect otherwise law-abiding behavior. In addition, the court acknowledged White's family support, but concluded that the need to protect the public from White's crimes outweighed that factor. We have concluded that the district court sufficiently explained its rejection of White's request for a variance and did not rely on White's race in imposing the sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*